SAMUEL STERLING, PLAINTIFF IN ERROR, v. JAMES FLEMING, DEFENDANT IN ERROR.

The assumption of payment by the endorser of a note discounted in bank for the benefit of the maker, not yet due, without the assent of the bank, and discharge of the maker, is not a debt due and owing for which judgment may be entered under the statute, on bond with warrant of attorney.

---

On writ of error to Hudson Circuit Court.

On April 17th, 1889, judgment was entered in the Hudson County Circuit Court in favor of Samuel Sterling, and against the firm of Petter & Simpson, for $2,214.17 debt and $4 costs.

The judgment was on a bond and warrant to confess judgment of even date. The consideration of the bond for which

judgment was confessed, as shown by the affidavit of the plaintiff, was:

| | |
|---|---|
| Money due on account for goods sold and delivered.. | $514 17 |
| Four notes as follows: | |
| Note dated March 14th, payable April 17th, 1889... | 500 00 |
| Note dated January 22d, payable April 25th, 1889.. | 500 00 |
| Note dated February 25th, payable May 28th, 1889.. | 500 00 |
| "    "    March 21,         "    June 24, 1889... | 200 00 |
| | $2,214 17 |

To each recital of the notes in the affidavit was appended the following statement: "Endorsed by plaintiff for accommodation of defendants and discounted, which plaintiff has this day assumed."

Execution on the judgment was issued to the sheriff of Hudson county, who levied upon and sold the personal property of the defendants.

James Fleming, the defendant in errror, and a subsequent judgment creditor, obtained an order to show cause why the judgment should not be set aside as improperly entered.

From the depositions used at the hearing it appeared—

That the notes included in the judgment, and on which Sterling was endorser, had been discounted at the First National Bank, Jersey City, on the account of Petter & Simpson.

That at the time of the execution and delivery of the bond and warrant Sterling had not paid, nor been called upon to pay, any of the notes.

That at the time of the delivery of the bond and warrant Sterling signed and delivered a paper, reciting the notes in question, and agreeing to assume their payment and to pay and satisfy said notes when they became due.

That no agreement was ever made by, or with, the First National Bank of Jersey City to release Petter & Simpson from liability on the notes.

That on April 17th, between the time of the execution and delivery of the bond and warrant and the signing of the order for judgment, Sterling paid to the bank the note for $500 due that day.

That the remaining notes were paid by Sterling after the entry of the judgment of Fleming, the defendant in error, and after the issuing of execution and levy thereunder.

The judge at Circuit, by order July 6th, 1889, vacated the judgment as to the notes due April 25th, May 28th and June 24th (being the notes paid after the entry of Fleming's judgment)—a reduction of $1,200—and confirmed the judgment as to the balance.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Parmley, Olendorf & Fisk.*

The opinion of the court was delivered by

SCUDDER, J.    One of the requirements of the statute directing the mode of entering judgment on bonds with warrants of attorney to confess judgment, is, that the affidavit shall set forth that the debt or demand, for which the judgment is confessed, is justly and honestly due and owing to the person or persons to whom the judgment is confessed. The position taken by the counsel for the plaintiff is, that the assumption to pay and satisfy the notes when they become due, made in writing at the time of executing the bond by the obligee, constituted a present indebtedness for which an action might be immediately brought against him ; and, therefore, there was a debt due and owing when, later in the same day, a judgment was entered on the bond with warrant of attorney to confess judgment. In other words, because of the promise of Sterling to pay the notes of Petter & Simpson, on which he was endorser, as they became due in bank at future dates, they were instantly indebted to him as if he had already paid the notes, and thereby discharged them from all liability to the bank to make payment to it at maturity. But the uniform

practice and construction of the statute has been to regard it as essential that the bank, or person holding the note, shall be a party to this substitution of the endorser for the maker, and that there shall be a discharge of the latter from his liability to pay the note, with the consent of the holder.

It is a kind of novation by the intervention of a new debtor, where another person becomes a debtor instead of a former debtor, and is accepted by the creditor, who thereupon discharges the first debtor, as defined in Bouvier's Law Dictionary. The outstanding obligation must be paid, or the new debtor substituted by such consent. In this way a present indebtedness of the maker to the endorser results, and he may make the oath required by the statute. This construction has, also, the sanction of judicial decision in *Warwick* v. *Petty*, 15 *Vroom* 543. In that case there was a note in bank made by the obligor, and endorsed by the obligee, not yet due, which was assumed by the latter when the bond was made, by an agreement in writing. It was also, as in this case, an accommodation note. It was not charged up to the endorser until it matured. The notes in dispute in this case were not paid until they were due. In both cases payment was made after the judgment was entered on the bond. The court said there was no debt due by Petty to Warwick for this note until it was paid by the latter, and the amount was stricken out of the judgment on the motion of a subsequent judgment creditor. In that case the court examined the cases of *Clapp* v. *Ely*, 3 *Dutcher* 555; *Sayre* v. *Hewes*, 5 *Stew. Eq.* 652; *Hoag* v. *Sayre*, 6 *Id.* 552, which are in agreement with it on this point. See, also, *Blackwell* v. *Rankin*, 3 *Halst. Ch.* 152.

Any other construction would lead to the substitution of a promise for a debt, the word used in the statute, and make the fraudulent preference of contingent creditors, over those whose claims are actually due, a frequent occurrence. The object of requiring the affidavit in the form used, is to prevent the preference of contingent claims and future advances, and make a present indebtedness the prerequisite for a confessed judgment on bond with warrant of attorney.

The order and judgment of the court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, SMITH, WHITAKER.   12. ·

*For reversal*—DIXON.   1.